UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

PAUL PANCOAST,                                                                          No. 06-10467

                                       Debtor(s).
_____/

PAUL PANCOAST,

                                       Plaintiff(s),

           v.                                                                                A.P. No. 06-1142

McCOLL'S CORPORATION, et al.,

                                       Defendant(s).
_____/

Memorandum on Motion for Summary Judgment
_____

       Defendant McColl's Corporation obtained a state court judgment against debtor and plaintiff Paul Pancoast in 1996 and recorded an abstract of judgment, creating a lien on Pancoast's real property. Pancoast filed a Chapter 11 petition in 1998; his case was converted to Chapter 7, and a discharge was entered in 2000.

       On February 12, 2006, McColl's successor in interest, Crystal Cream and Butter Company, Inc., ("CCBC") applied for renewal of the judgment. It recorded the renewal on March 13, 2006. Pancoast filed

1

a Chapter 13 petition on July 28, 2006. In this adversary proceeding, he alleges that CCBC violated the discharge injunction issued in 2000 by renewing the judgment. Pancoast's motion for summary judgment is now before the court.

Pancoast argues that CCBC has violated the bankruptcy discharge by attempting to renew its lien through state court procedures. However, the Bankruptcy Code has never been interpreted in such a manner.

The bankruptcy discharge, 11 U.S.C. § 524(a), "operates as an injunction against ... the employment of process, or an act, to collect, recover, or offset any [discharged] debt as a personal liability of the debtor." "[A] bankruptcy discharge extinguishes only one mode of enforcing a claim - namely, an action against the debtor in personam-while leaving intact another - namely, an action against the debtor in rem." *Johnson v. Home State Bank*, 501 U.S. 78, 84, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991). "[A] discharge in bankruptcy prevents the [creditor] from taking any action to collect the debt as a personal liability of the debtor .... however, [the debtors'] property remains liable for a debt secured by a valid lien." *In re Isom*, 901 F.2d 744, 745 (9th Cir.1990).

In *In re Transtrum,* 2006 WL 2556699 (Bkrtcy.Idaho 2006), Bankruptcy Judge Pappas considered and rejected the same arguments Pancoast makes here. Judge Pappas noted:

> A discharge injunction operates to
> (1) void any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727 ... of this title, whether or not discharge of such debt is waived;
> (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived; ...
> 11 U.S.C. § 524(a). These Code provisions prevent any actions by a creditor to enforce Debtors' personal liability for prebankruptcy debts. But the reference in § 524(a) to a debtor's personal liability "makes clear that an in rem judgment, based upon a prepetition lien and running solely against the debtor's property, would not be affected by the discharge." 4 Collier on Bankruptcy ¶ 524.02 at 524-14.8 (Alan N. Resnick & Henry J. Sommer, eds., 15th ed. rev.2005). In other words, the right of a creditor to foreclose a prepetition lien survives, or "passes through," bankruptcy unaffected by the debtor's discharge, so long as the lien has not been avoided. Dewsnup v. Timm, 502 U.S. 410, 417 (1992); In re Eakin, 153 B.R. 59, 60 (Bankr.D.Idaho 1993); 4 Collier on Bankruptcy ¶ 524.02 at 524-14.8.

. . . .

2

Because Creditor's lien was unaffected by Debtor's discharge, Creditor could proceed in rem against Debtors' property after bankruptcy. *Creditor did not violate the discharge injunction when it sought to renew its judgment lien* or to satisfy its claim from any proceeds realized from the sale of the [subject] property. (Emphasis added)

Pancoast's motion seems be based on a misreading of *In re Smith*, 293 B.R. 220 (9th Cir. BAP 2003). That case held only that the discharge injunction was clearly inapplicable to a situation where the underlying debt was not discharged. It does not stand for the proposition that the discharge injunction bars renewal of a discharged debt.

Because CCBC's post-discharge conduct in attempting to renew its lien through state court procedures constituted in rem actions, CCBC did not violate the bankruptcy discharge. Accordingly, Pancoast's motion for summary judgment will be denied and judgment shall be entered in favor of CCBC. The judgment shall be without prejudice to Pancoast's claims that the renewal was not in compliance with state law. As to state law issues, the court will abstain so those issues can be heard in state court.

Counsel for CCBC shall submit an appropriate order denying summary judgment to Pancoast and granting summary judgment to CCBC. It shall also submit an appropriate form of judgment reflecting that it is without prejudice to state law issues and that this court abstains from ruling on such issues.

Dated: April 4, 2007

Alan Jaroslovsky
U.S. Bankruptcy Judge

3